Teuax, J. (dissenting.)
I do not agree with the conclusion of the majority of the court.
At the time the act of 1882 was passed (chapter 410), there was an ordinance of the common council of this *475 city in force which provided the way in which it should be determined who was the lowest bidder. This ordinance the legislature continued in full force and effect by section 84 of chapter 410 aforesaid. When the legislature enacted this law they in effect made the ordinance of the common council which was then in force a part of the laiv of 1882, and pointed out the way in which it should be determined who was the lowest bidder.
The method of determining who was the lowest bidder, which was used in this case, is the method that has been in use in this city for a great many years—and particularly since the charter of 1873 was passed, in which charter there was a provision similar to section 64 of chap. 410 of the Laws of 1882.
The legislature knew the interpretation that was put upon the charter of 1873, and it is entirely fair to infer that, if the construction put upon that act by the public authorities of the city did not carry out the intent of the legislature, other language would have been adopted in the act of 1882, which would have carried' out such intent. The re-enactment of the provision of the charter of 1873, above referred to, by the legislature in 1882, should be deemed to be an adoption by the legislature of the construction put upon the act of 1873 by the city authorities. People ex rel. Outwater v. Green, 56 N. Y. 475. This construction has almost the force of a judicial exposition. People ex rel. Williams v. Dayton, 55 N. Y. 367.
In this connection it is to be noticed that section 64 of chap. 410 requires the counsel to the corporation to settle the terms of the contract “ as an act of preliminary specification to the bid or proposal,” and that the contract sued on here contained the very surveyor’s estimate of the nature and extent of the work to be done, which the majority of this court think did not furnish a basis on which to let the contract, and was settled by the law officer of the city.
That this method of determining who is the lowest *476 bidder is not illegal, is supported, I think, by the Matter of Merriam, 84 N. Y. 601.
The principal contention urged against the validity of the assessment which was the subject of review in that case was that the work was not let to the lowest bidder, as required by the charter and the ordinances of the common council of the city of New York, because the items of rock excavation were not submitted to competition, but a price was arbitrarily fixed therefor by the Commissioner of Public Works. Judge Miller, in writing the opinion of the court in that case, called attention to the fact that the ordinance, chap. 8, article 2, requires that supplies and work shall be furnished by contract; that no contract shall be made until proposals are advertised for; and that they shall state the quantity and quality of the supplies or the nature and extent as near as possible of the work required.” Sections 15, 16, 17, title 2. The city claimed that it would be exceedingly difficult to ascertain beforehand the quantity of rock excavation, which constituted the largest item in the contract, so as to make an estimate sufficiently correct to carry out the purpose of letting the contract to the lowest bidder. These suggestions, continues Judge Miller, “ are not without force, and while there is strong ground for the claim that the price fixed for one or more items is fair and reasonable, and there no evidence of fraud or extravagance, and the quantity could not be ascertained without a considerable expenditure of money, and that this could be done in some instances consistently with the interests of the public in view, and with the statute and ordinances, we are, upon the whole, of the opinion that to carry out intention of the law to award contracts to the low-bidder, it is requisite that the quantity of rock excavation as near as possible should be stated in the proposals—and that fixing the price for the same was disregard of the law, and a violation of the statute and the ordinance of the city which is cited.” And *477 again, he says that “the intention of the lawmakers was to enforce a submission of every important item for competition, naming the quantity so far as it could he reasonably ascertained.”
It seems to me that the way provided by the regulations and ordinances of the common council is the only reasonable way in which the city could submit proposals for work to be done, and that the city is protected by the power which is given to the head of the department to reject all bids and re-advertise the work anew.
The only other way in which work could be let would be by submitting the whole work in a lump to competition, the effect of which would be to restrict competition.